THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1, in his own capacity and as parent of child DOE 1, et al.,   :  <br> : <br> Plaintiffs,   : <br> v.   : <br> : <br> DELAWARE VALLEY   : <br> SCHOOL DISTRICT, et al.,   : <br> : <br> Defendant.   : | 3:21-CV-1778 <br> (JUDGE MARIANI) |

## ORDER

The background of this Order is as follows:

On October 18, 2021, Plaintiffs filed a "Complaint for Declaratory and Injunctive Relief for Violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Constitutionally Protected Due Process Rights under 42 U.S.C. § 1983" (Doc. 1). That same day, Plaintiffs filed a "Motion to Allow Plaintiffs to Proceed Under Pseudonyms" (Doc. 4) and a "Motion for 1) Temporary Restraining Order; 2) Order Restraining the School Board of the Delaware Valley School District and the Board Members; and 3) Order to Show Cause why a Preliminary Injunction Should not Issue" (Doc. 5) and supporting brief (Doc. 6).

As of the date of this Order, Plaintiffs have not filed a brief in support of their motion to proceed under pseudonyms, *see* M.D. Pa. Local Rule 7.5, and therefore the time for Defendants to file a response to that motion has not commenced. The Court therefore views Plaintiffs' motion (Doc. 4) as unripe for disposition.

An evidentiary hearing and oral argument on Plaintiffs' motion for preliminary injunctive relief is scheduled to be held on October 28, 2021 (Doc. 10).

At the request of Defendants' counsel, the Court held a conference call with the parties on October 27, 2021, to address issues relating to the upcoming hearing. During the conference call, Plaintiffs' counsel informed the Court that no minor-plaintiffs would testify, but requested that should any parent-plaintiff testify, the Court issue a gag order or provide some other form of relief to protect the identity of the plaintiffs. At that time, Defendants' counsel indicated that they could not agree to any such requests without the time to further consider the issue. The parties were directed to confer and file a letter with the Court by 3:00 p.m. that same day addressing this issue. The Court advised counsel that should they fail to agree on a procedure to address their clients' respective concerns, the Court would issue an order that would govern the procedure for the preliminary injunction hearing. Not only did the parties fail to confer, they also filed no joint letter setting forth their respective positions. Rather, counsel each filed a letter attempting to place responsibility for the failure to meet and confer on opposing counsel.

**ACCORDINGLY, THIS 27TH DAY OF OCTOBER, 2021,** for purposes of the preliminary injunction hearing and until superseded by further Order of this Court, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs will be allowed to present their case at the preliminary injunction hearing without publicly disclosing the names of the plaintiff-parents and plaintiff-minor

children, and, should they so choose, without calling any of the plaintiffs to testify, but subject to ¶ 5 below.

2. Prior to 9 a.m. on Thursday, October 28, 2021, Plaintiffs' counsel shall be required to inform Defendants' counsel of the proper names of the plaintiffs and Defendants shall have access to any records or information in the Defendant Delaware Valley School District's possession, custody, or control, relevant to the preliminary injunction issues.

3. All counsel and all Defendants, their representatives and agents, are barred from disclosing the identities of Plaintiffs to any person or entity, including the general public or print or electronic media, until further order of this Court.

4. Subject to ¶ 3, above, this Order is not to be construed as precluding Defendants' counsel from conferring with medical personnel who are employed by, or who are party to a professional services contract with, the Delaware Valley School District in preparing their defense in this matter.

5. Should Plaintiffs, in eliciting testimony to meet their burden for the issuance of preliminary injunctive relief, call one or more of the plaintiffs to testify on any matter at issue in this case, they must first provide Defendants' counsel with an offer of proof as to the precise subject matter of the plaintiff-witness' testimony. Should one or more Plaintiffs testify, they will be permitted to proceed using pseudonyms for purposes of the preliminary hearing only.

4

6. Nothing in this Order shall be construed as a ruling on Plaintiffs' pending "Motion to Allow Plaintiffs to Proceed Under Pseudonyms" (Doc. 4).

                                               s/ *Robert D. Mariani*
                                               Robert D. Mariani
                                               United States District Judge