IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1 IN HIS OWN CAPACITY<br>AND AS PARENT OF CHILD DOE 1,<br>JOHN DOE 2 IN HIS OWN CAPACITY<br>AND AS PARENT OF CHILD DOE 2,<br>JANE DOE 1 IN HER OWN CAPACITY<br>AND AS PARENT OF CHILD DOE 3,<br>JANE DOE 2 IN HER OWN CAPACITY<br>AND AS PARENT OF CHILD DOE 4 and<br>JANE DOE 3 IN HER OWN CAPACITY<br>AND AS PARENT OF CHILD DOE 5 | Civil Action No. 3:21-CV-1778<br>(Judge Mariani) |

Plaintiffs

v.

DELAWARE VALLEY SCHOOL DISTRICT,
JACK FISHER, JESSICA DECKER,
CHRISTINE AGRON, DAWN BUKAJ,
BRIAN CARSO, CORY HOMER, PAM LUTFY
and FELICIA SHEEHAN

Defendants.

## PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' AMENDED MOTION TO ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS

### I. PROCEDURAL HISTORY

On October 18, 2021, in connection with filing their Complaint in this case, Plaintiffs filed a Motion requesting that the Court to allow them to proceed in this matter under the pseudonyms set forth above.

Plaintiffs did not, at that point, file a brief supporting said motion, and thus, this Honorable Court has never had the opportunity to rule upon the merits of said Motion.[1]

---

[1] The Individual Defendants have filed a Motion to Deem Plaintiffs' initial Motion to Proceed Pseudonymously as withdrawn for failure to conform with Local Rule 7.5. Plaintiffs' initial Motion, filed contemporaneously with Plaintiffs' Complaint, sought to keep Plaintiffs' identities from not only the general public but from Defendants themselves. This Court's

Although the Court specifically did not rule on Plaintiffs' Motion, at Plaintiffs' request, the Court ordered that, for the purposes of the hearing on Plaintiffs' Request for a Preliminary Injunction, Plaintiffs identities would be kept anonymous from the public and only disclosed to Defendants and Defendants' Counsel. See October 27, 2021 Order.

In Paragraph 3 of its Order, this Honorable Court ordered that:

> All counsel and all Defendants, their representatives and agents, are barred from disclosing the identities of the Plaintiffs to any person or entity, including the general public or print or electric media, until further Order of this Court.

October 27, 2021 Order at p.3, ¶ 3.

To date, this Honorable Court has not ruled on Plaintiffs' Request for a Preliminary Injunction.

To date, this Honorable Court has not entered an Order modifying the mandate contained in Paragraph 3 of its October 27, 2021 Order. As such, all parties and counsel remain barred from disclosing the identities of the Plaintiffs to any person or entity, including the general public or print or electric media.

Pursuant to this Honorable Court's Order, and prior to the hearing on Plaintiffs' Request for a Preliminary Injunction, Plaintiffs' counsel divulged the names of all Plaintiffs' to Defense Counsel.

Prior to the start of the hearing, this Honorable Court, at the request of Plaintiffs' Counsel,

---

October 27, 2021 Order, although not specifically ruling on Plaintiffs' Motion, rendered the portion of the Motion seeking to keep the Plaintiffs' identities from Defendants' moot since Plaintiffs were compelled to disclose their identities to Defendants' counsel and the Defendant School Board. Plaintiffs' therefore file their Amended Motion and this supporting brief so as to permit this Honorable Court to consider Plaintiffs' arguments that requiring the refiling of Plaintiffs' Complaint using Plaintiffs' real names would permit the general public to learn the identities of the Plaintiffs and, more significantly, Plaintiffs' minor children and thus subject them to increased hostility and harassment from that portion of the general public which objects to universal masking in schools.

explained to all persons in attendance at the hearing, including news media, of the Court's Order and the Plaintiffs' desire to keep their anonymity. All parties, including the members of the news media who were present at the hearing either agreed to keep the names of the Plaintiffs' confidential or recognized their responsibilities under the Court's October 27, 2021 Order.

During the hearing on Plaintiffs' Request for a Preliminary Injunction, the attorneys for Defendants were permitted to cross-examine each Plaintiff Parent with full knowledge of the Plaintiff Parent's name and identity.

While counsel for the Defendant Board questioned Plaintiffs on matters directly related to their claims in the instant case, counsel for the individual Defendants spent the majority of his time on cross-examination attempting to elicit evidence that Plaintiffs had, in some manner, already divulged their identities to the public.

During their direct examination, each of the Plaintiffs testified to the validity of their concerns regarding possible harassment should their names be divulged.

During cross-examination, each of the Plaintiffs verified that, to their knowledge, their identities as Plaintiffs in this lawsuit had not been divulged to the public.

While Plaintiffs' request for a preliminary injunction has been pending, Plaintiffs have discovered multiple facebook posts from members of the public, expressing anger towards the Plaintiffs and a desire, if given the opportunity to harass and /or harm the Plaintiffs. See Exhibit 2.

It is anticipated that this Court will enter its Order on Plaintiffs' request for a Preliminary Injunction in the near future.

If history is any indicator, it is reasonable to believe that this Court's ruling, whether it be an order granting Plaintiffs' request for a preliminary injunction or denying said request, will spark a

new wave of hostility towards Plaintiffs from those persons opposed to universal masking in schools.

Although Federal Rule of Civil Procedure 10(a) requires that "[t]he title of a complaint must name all the parties," Under limited circumstances, courts will allow parties to proceed under a pseudonym like "John Doe" or "Jane Doe" and to preserve their anonymity. Instantly, Delaware Valley School District is of such size that identifying Plaintiffs, even through initials, will likely disclose Plaintiffs identities and subject them to likely harassment and intimidation.

The litigation at issue involves matters that are highly sensitive and of a personal nature, including childhood disabilities.

## **LEGAL ARGUMENT**

The Third Circuit Court of Appeals has explained that "[t]o proceed anonymously, a plaintiff must show a reasonable fear of severe harm. The courts then apply a balancing test to determine if the plaintiff's reasonable fear of severe harm outweighs the public's interest in open litigation." *See* ***Doe v. Megless***, 654 F. 3d 404 (3d Cir. 2011)

In ***Megless***, the Third Circuit set forth a non-exhaustive list of factors that a district court should consider when determining whether a plaintiff should be permitted to proceed under a psuedonym. ***Id.***

The factors which the ***Megless*** Court indicated demonstrate that anonymity is appropriate include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of

being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Mengless*, 654 F. 3d at 409

On the other side of the scale, factors disfavoring anonymity included:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Id.*

Neither the Plaintiffs, nor their children have publicly raised this matter, nor spoken publicly about their participation in this lawsuit, for fear of reprisal and intimidation by those persons opposed to a universal school masking mandate.

Plaintiffs and Plaintiffs' children face a risk of retaliatory harm if not permitted to proceed anonymously. The emotionally charged nature of the debate over mandatory school masking is well documented. *See Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir.1981) (anonymity warranted to protect minor plaintiffs from possible risk of violence stemming from revelation of unpopular personal beliefs).[2]

Plaintiffs, and in particular, Plaintiffs' children are particularly vulnerable to possible harm

---

[2] Although, Plaintiffs' position in support of masking remains the majority opinion, there can be no doubt that the anti-masking contingent represents a vocal and angry minority. See, e.g., https://www.goerie.com/story/news/2021/09/27/pa-school-board-mask-mandate/5846407001/; https://www.thedailybeast.com/pennsylvania-school-district-melts-down-over-mask-battle; https://www.mcall.com/news/education/mc-nws-lehigh-valley-school-boards-under-pressure-20211008-dzibz5hinzafxirnd5hkkilgya-story.html; https://www.npr.org/sections/back-to-school-live-updates/2021/08/20/1028841279/mask-mandates-school-protests-teachers.

-5-

from disclosure since the risks of intimidation, bullying and reprisal are of particular concern when the matter involves children.

Plaintiffs' identities are not critical to this dispute. Plaintiffs are challenging the constitutionality of the school boards decision, and the school board's failure to adhere to the requirements of the Americans with Disabilities Act, the majority of facts that will be necessary for this Court to render a decision are uncontested or not in the possession of the Doe Plaintiffs. *See* ***Doe v. Provident Life and Acc. Ins. Co.***, 176 F.R.D. 464, 467 (E.D. Pa. 1997) (finding the public's ability to follow the case's proceedings will not be impeded by allowing Plaintiff to proceed pseudonymously.).

Without anonymity, Plaintiffs will be unable to pursue the instant litigation, litigation which involves significant questions regarding the school board's violation of Plaintiffs' constitutionally protected rights, for fear of intimidation, reprisal. There is no indication that Plaintiffs have an ulterior or nefarious motive for seeking to proceed pseudonymously.

While there is undoubtedly some public interest in the identity of the Plaintiffs to this action, the risk to Plaintiffs outweighs the public's interests in this matter. The public interest in open proceedings is minimally affected by allowing Plaintiffs to proceed pseudonymously. There is little for the public to learn from Plaintiffs' identities in this case. Instead, the public interest is served by allowing Plaintiffs the reassurances of being able to challenge the constitutionality of the school board's decision without fear of reprisal and/or unfair and unwarranted public attack.

## CONCLUSION

For the reasons set forth above, Plaintiffs, John Doe 1 in his own capacity and as parent of

Child Doe 1, John Doe 2 in his own capacity and as parent of Child Doe 2, Jane Doe 1 in her own capacity and as parent of Child Doe 3, Jane Doe 2 in her own capacity and as parent of Child Doe 4 and Jane Doe 3 in her own capacity and as parent of Child Doe 5 respectfully request this Court's permission to proceed pseudonymously.

                BEHREND LAW GROUP LLC
By: /s/Kenneth R. Behrend
     Kenneth R. Behrend
     Counsel for Plaintiffs
     Pa. I.D. No. 37961
     BEHREND LAW GROUP LLC
     The Pittsburgher, Suite 1700
     428 Forbes Avenue
     Pittsburgh, PA 15219
     (412) 391-4460 (Telephone)
     (412) 391-5073 (Facsimile)
     krbehrend@behrendlawgroup.com